Opinion by
 

 Jacobs, J.,
 

 Defendant’s sole complaint in the present appeal concerns the computation of his sentences. In essence, he contends that the prison authorities computed his sentences to run consecutively, thereby contravening the lower court’s directive that the sentences be concurrent.
 

 The circumstances leading to the present appeal began with defendant’s arrest and convictions on bills Nos. 1138 and 1140 of December Sessions, 1966. His period of imprisonment for those convictions ran from August 12, 1967, until May 28, 1968, when he was paroled. At the time of his parole, 2 years 1 month 14
 
 *28
 
 days of Ms original maximum sentence remained unserved.
 

 On August 10, 1968, defendant was arrested for a second time and indicted at bills Nos. 1501 and 1502 of September Sessions, 1968. He was imprisoned from the date of tMs arrest until February 11, 1970, when he was sentenced on bill No. 1501 to not less than 2 nor more than 4 years in a state correctional institution (defendant was also sentenced on bill No. 1502, but computation of that sentence is not now in issue). The court directed that the sentence on bill No. 1501 run concurrently with the remainder of the sentence on bills Nos. 1138 and 1140 which defendant was required to serve as a convicted parole violator.
 

 Prior to the imposition of sentence on bill No. 1501 defendant had been transferred to Graterford. The prison authorities there computed defendant’s sentences as follows: Service of the remainder of the first sentence (on bills Nos. 1138 and 1140) was to be completed first. The starting date for this portion of the sentence was deemed to be February 11, 1970 (when the second sentence was imposed). Defendant was thus regarded as serving the remaimng portion of his first sentence, as a convicted parole violator, from February 11, 1970, until August 4, 1971, at which time he was reparoled on his first sentence and permitted to begin serving his second sentence (on bill No. 1501). In fixing the effective starting date for his second sentence the prison authorities allowed defendant a credit of 1 year 6 months 1 day, this credit representing the period of defendant’s pre-conviction incarceration from his August 10,1968, arrest until the February 11, 1970, imposition of sentence. Deducting this credit from the date he was reparoled on the first sentence, the authorities arrived at an effective starting date for the second sentence of February 3, 1970, a minimum expiration
 
 *29
 
 date of February 3, 1972, and a maximum expiration date of February 3, 1974.
 

 Defendant challenges, via post-conviction proceedings, this computation of his sentences. The gravamen of his complaint is that the prison authorities failed to honor the sentencing judge’s order that the second sentence ran concurrently with the first. However, we have held many times that, according to the Act of June 19, 1911, P. L. 1055, §10,
 
 as amended,
 
 61 P.S. §305, and the Act of August 6, 1941, P. L. 861, §21.1,
 
 as amended,
 
 61 P.S. §331.21a, when a parolee is convicted and sentenced to imprisonment for a crime committed while on parole, the new sentence and the remainder of the old sentence must be served consecutively, and the sentencing judge has no authority to order that the sentences be concurrent.
 
 See, e.g., Commonwealth ex rel. Dion v. Martin,
 
 183 Pa. Superior Ct. 310, 131 A.2d 150,
 
 cert. denied,
 
 355 U.S. 899 (1957), and
 
 Commonwealth ex rel. Harman v. Burke,
 
 171 Pa. Superior Ct. 547, 91 A.2d 385 (1952),
 
 cert. denied,
 
 345 U.S. 953 (1953). Hence, defendant’s contention is without merit; the prison authorities properly computed his sentences as running consecutively.
 

 In the course of his argument before us, defendant’s counsel raised a question regarding the order in which defendant was compelled to serve his sentences. His objection to the order of sentences is based on facts regarding the places of defendant’s imprisonment. The record, however, is incomplete as to those facts. Furthermore, although defendant was represented by counsel at the hearing below, the issue was not raised before the court. For both reasons we will not consider the question on this appeal.
 
 See Commonwealth v. Payton,
 
 431 Pa. 105, 244 A.2d 644 (1968), and
 
 Commonwealth v. Baker,
 
 413 Pa. 105, 196 A.2d 382 (1964).
 

 Order affirmed.