Commonwealth *v.* Bigley, Appellant.

Submitted September 13, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Margaret H. Poswistilo,* for appellant.

*John E. Gallagher,* First Assistant District Attorney, and *Charles H. Spaziani,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., December 11, 1974:

Appellant contends that the court below erred in ordering that the eleven months and twenty-eight days which he spent in prison between arrest and sentencing for his most recent offense be counted toward the completion of an earlier sentence, on which appellant has been held as a parole violator, rather than towards the sentence imposed on appellant's most recent charge.

Appellant originally pleaded guilty to charges of burglary and larceny on October 3, 1966. On October 31, 1966, he was sentenced to serve two to five years in a state correctional institution. Appellant served approximately two years on this charge before being paroled on August 5, 1968. On February 10, 1970, appellant was convicted by a jury on a new set of charges involving burglary and larceny. On March 8, 1971, he was sentenced to serve fifteen months to three years in Northampton County Prison. Counting time spent in custody before sentencing, appellant served seventeen months and nine days on this charge before being paroled on April 30, 1971.[1] Following this parole, appellant was not released from prison. He was recommitted, and served an additional period of almost four months in Northampton County Prison[2] on the 1966 charges before his most recent release on parole on August 23, 1971. Thus, appellant was paroled still owing two years, seven months, and 29 days on the maximum sentence for his 1966 charges.

On March 8, 1973, appellant was committed to Northampton County Prison in lieu of bail on new charges of burglary, larceny, and conspiracy. On March 9, a detainer was filed against appellant by the Pennsylvania Board of Probation and Parole based on appellant's apparent violation of the conditions of his parole on the 1966 charges. On June 14, 1973, a jury found appellant guilty of the 1973 charges. On November 21, 1973, appellant posted bail but was not discharged; he continued to be held on the detainer filed by the Parole Board. On March 6, 1974, appellant was

---

[1] Apparently parole on the 1969 charge expired on November 21, 1972, before appellant committed his most recent offense.

[2] The issue of whether the county prison is an appropriate place to serve a sentence to a state correctional institution has not been raised in the briefs.

sentenced to serve one to three years in the Northampton County Prison on the new charge of burglary and larceny.

On April 15, 1974, the trial judge issued an order (filed April 16) attempting to clarify his original sentence and stating that the time which appellant had spent in prison between March 8, 1973, and sentencing be applied to the sentence on the 1966 charge, on which appellant had been paroled. On May 24, 1974, appellant was formally adjudicated a parole violator by the Parole Board, by reason of his conviction on the 1973 charge. The Board, however, in its order dated May 30, 1974, apparently calculated his parole violation time as beginning on March 6, 1974, the date of sentencing. This direct appeal has been taken from the order of the lower court, and not from the order of the Parole Board.

The question of whether appellant's time awaiting sentencing is applied to his sentence on the 1966 charges, or the 1973 charges, will have no effect on the expiration date of the maximum sentences on the two charges. It will, however, affect the date on which appellant may first be granted parole. Appellant cannot be paroled until he has served the minimum sentence on both charges.[3] Appellant served the minimum sentence on the 1966 charges before being released on parole. If the eleven months and twenty-eight days spent in prison before sentencing are credited to the one year minimum on the most recent sentence, appellant could become eligible for parole at any time after March 19, 1974. On the other hand, if that time is applied to

---

[3] "The power to parole herein granted to the Board of Parole may not be exercised in the board's discretion at any time before, but only after, the expiration of the minimum term of imprisonment fixed by the court in its sentence . . . ." Act of August 6, 1941, P. L. 861, §21, as amended; 61 P.S. §331.21.

the maximum on the 1966 sentence, appellant could not become eligible for parole until March 6, 1975.

Appellant contends that the lower court's order of April 15, 1974 was erroneous under the law applicable to sentencing and parole violation. Appellant further contends that the order of April 15 placed him in double jeopardy, in that it extended by almost a year the time during which appellant would be ineligible for parole.

We need not decide these contentions. The Act of August 6, 1941, P. L. 861, §17, as most recently amended December 27, 1965, P. L. 1230, §8, 61 P.S. §331.17, provides that the Parole Board "shall have *exclusive power* to . . . *commit and recommit* for violations of parole" with the exception of cases involving less than two years maximum imprisonment. (Emphasis supplied.) In addition, the Act of August 6, 1941, P. L. 861, §21.1, added August 24, 1951, P. L. 1401, §5, as most recently amended June 28, 1957, P. L. 429, §1, 61 P.S. §331.21a, provides that "[a]ny parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, *may, at the discretion of the board,* be recommitted as a parole violator." (Emphasis supplied). The sentencing judge lacks authority to issue an order at variance with the terms of this statute. *Commonwealth v. Draper,* 222 Pa. Superior Ct. 26, 293 A. 2d 614 (1972). The lower court exceeded its power in attempting to decide whether appellant must be recommitted as a parole violator and, if so, when he should begin and finish his sentence as a parole violator. Thus,

the lower court's order of April 15, 1974, was of no effect.[4]

As no appeal is taken from the sentence imposed by the lower court on March 6, 1974, but only from the order of April 15, 1974, attempting to modify that sentence, the original sentence remains in effect. Thus appellant stands sentenced to one to three years imprisonment in the Northampton County Prison, to pay the costs of prosecution, and to make restitution for his crime. Appellant is to be given credit for the time spent in jail between arrest and sentencing, as ordered by the trial judge.[5] As the lower court correctly

---

[4] We note also that the lower court attempted to modify its sentence of March 6 more than thirty days after the sentence had been entered of record, and after the expiration of the term of court in which that sentence had been entered. In general, a court lacks power to modify its sentence more than thirty days after the sentence has been imposed, and after the expiration of term of court. See the Act of June 1, 1959, P. L. 342, No. 70, §1, 12 P.S. §1032.

[5] Whether the time appellant spent between arrest and sentencing is treated as time spent awaiting trial on the new charges or as time spent awaiting final commitment as a parole violator, appellant is entitled to credit for this time towards either the old sentence or the new sentence, but not towards both. Rule 1406(c), Pa. R. Crim. P. provides that "[a] sentence to imprisonment shall be deemed to commence and shall be computed from the date of commitment for the offense or offenses for which such sentence is imposed, which date shall be specified by the judge. Credit, to be calculated by the clerk of court, shall be given as provided by law for any days spent in custody by the defendant for such offense or offenses prior to the imposition of sentence." This Rule was adopted June 23, 1973, effective within 90 days. Thus it was in effect on the date of sentencing. This Rule superseded the Act of May 28, 1937, P. L. 1036, §1, 19 P.S. §894, which embodied a similar principle. Similarly, the Act of August 6, 1941, P. L. 861, §21.1, added August 24, 1951, P. L. 1401, §5, as most recently amended June 28, 1957, P. L. 429, §1, 61 P.S. §331.21a, requires that "[t]he period of time for which the parole violator is required to serve shall be computed from and begin on the date that he is taken

stated at the time of sentencing, the question of whether that credit is to be applied to the sentence on the 1966 charge or to the most recent sentence must be determined by the Parole Board.

The order of April 15, 1974, is vacated. The judgment of sentence of March 6, 1974, is affirmed.

---

into custody to be returned to the institution as a parole violator." Nevertheless, the time cannot count towards both sentences, as a parole violation sentence cannot be made to run concurrently with the sentence for a new offense committed during parole. *Commonwealth v. Draper*, supra.