378 A.2d 412

**COMMONWEALTH of Pennsylvania**

v.

**Michael CALL, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided Oct. 6, 1977.

512

Harry L. Green, Jr., First Assistant Public Defender, Lansdale, for appellant.

James A. Cunningham, Assistant District Attorney, Pottstown, and Eric J. Cox, Assistant District Attorney, Conshohocken, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court lacked the power to revoke his parole and to recommit him. We agree, and, vacate the erroneously imposed judgments of sentence.

On May 29, 1970, appellant was arrested in Montgomery County and charged with robbery in indictment number 1835; and aggravated assault in indictment number 1836. Appellant pleaded guilty to both bills. The court sentenced

him to a three to fifty-nine months' term of imprisonment on #1835 and to a concurrent term of three years' probation on #1836. In December 1971, the Parole and Pardons Board granted appellant parole on #1835. Thereafter, he served parole and probation concurrently. In April, 1972, appellant fled the state of Pennsylvania; subsequently a bench warrant was issued for him. While absent from Pennsylvania, appellant was arrested and convicted of a federal offense. The federal court sentenced him to a one year term of imprisonment. Appellant returned to Pennsylvania in February, 1975. On February 28, 1975, appellant was found guilty on an unrelated robbery charge. The alleged incident occurred in 1969, in Montgomery County, prior to the charges in the instant case. Judge Vogel sentenced appellant to a term of imprisonment of two to five years. On March 27, 1975, after a hearing, the lower court revoked appellant's probation and imposed the following sentence:

"Now, this March 27th, 1975, we find you guilty of probation violation under the probation on bills No. 1835 and 1836 of 1970, charging you with robbery and beating and striking and ill-using, aggravated assault and battery. Therefore, the sentences imposed on bill No. 1836 of 1970 and 1835 of 1970 are hereby revoked and instead, you, Michael Call, on bill No. 1835 are sentenced to imprisonment for not less than two years or more than five years in such State Correctional Institution as shall be designated by the Deputy Commissioner for Treatment, Bureau of Corrections, and sent to the Correctional Diagnostic and Classification Center at Graterford for this purpose, this sentence to run consecutive to the sentence you are now performing under the sentence of Judge Vogel in—and I will have to supply the number of the case for you, the one Judge Vogel just sentenced the two to five years. . . . On bill No. 1836 of 1970, you, Michael Call, having pleaded guilty to assault and battery, are sentenced to imprisonment—aggravated assault and battery— are sentenced to imprisonment of not less than eighteen months nor more than three years, this sentence to run

consecutive to the sentence imposed on bill No. 1835 of 1970, and consecutive to the sentence which you are now serving under Judge Vogel's sentence of No.—whatever that number is."

On May 2, 1975, pursuant to appellant's petition the lower court reconsidered the sentence imposed in March. The court then imposed the following sentence:

"And now, this May 2, 1975, the sentence imposed on Bill 1835, 1970, imposed March 27, 1975, is hereby revoked because it appears to be illegal, and instead thereof, you, Michael Call, are sentenced to undergo imprisonment for not less than three months or more than fifty-nine months in such state correctional institution as shall be designated by the Deputy Commissioner for Treatment, Bureau of Corrections, and sent to the diagnostic and classification center at Graterford for this purpose, this commitment to date from June 3, 1971, and the other sentence to remain the same, 1836." Appellant challenged the May 2, 1975 sentence on appeal. On February 5, 1976, our Court entered the following per curiam order: "The sentences imposed by the Court below are vacated and the case is remanded for resentencing. While each sentence viewed alone is lawful, the imposition of consecutive sentences which, when combined, exceed the maximum which had previously been imposed under the concurrent sentences, constitutes a violation of double jeopardy." Pursuant to that order, the lower court held a hearing on September 9, 1976. The hearing court opined that the Superior Court had misunderstood the sentence imposed on May 2, 1975. Thus, the court reimposed the same sentences that it had imposed on May 2, 1975. "Now, on Bill No. 1835 of 1970 you, Michael Call, are sentenced to not less than three months nor more than fifty-nine months, this sentence to run consecutive to Judge Vogel's sentence on Bill No. 122, September Term, 1969. That is the sentence of the Court. . . . So, on Bill No. 1836 of 1970, we will sentence him to three years probation to run concurrent with that imposed on Bill No. 1835." This appeal followed.

516

■ Appellant contends that the lower court did not have jurisdiction to reimpose sentence upon Bill #1835.[1] The Pennsylvania Legislature has established the Pennsylvania Board of Probation and Parole (hereinafter the Board).[2] The powers of the Board with respect to parole are as follows:

"The board shall have exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge from parole all persons heretofore or hereafter sentenced by any court in this Commonwealth to imprisonment in any prison or penal institution thereof, whether the same be a state or county penitentiary, prison or penal institution, as hereinafter provided. It is further provided that the board shall have exclusive power to supervise any person hereafter placed on parole (when sentenced to a maximum period of less than two years) by any judge of a court having criminal jurisdiction, when the court may by special order direct supervision by the board, in which case the parole case shall be known as a special case and the authority of the board with regard thereto shall be the same as herein provided with regard to parole cases within one of the classifications above set forth: Provided, however, That, except for such special cases, the powers and duties herein conferred shall not extend to persons sentenced for a maximum period of less than two years, and nothing herein contained shall prevent any court of this Commonwealth from paroling any person sentenced by it for a maximum

1. The Commonwealth contends that appellant has waived this contention because he failed to include it in his statement of reasons for the appeal which must be supplied to the lower court pursuant to the Rules of Appellate Procedure, 1925(b). See, *In the Matter of Harrison Square, Inc.*, 470 Pa. 246, 368 A.2d 285 (1977). However, parties may not stipulate to jurisdiction in disregard of statutory procedures. *Commonwealth v. Yorktowne Paper Mills, Inc.*, 419 Pa. 363, 214 A.2d 203 (1965). An appellate court may raise a jurisdictional defect sua sponte. *West Homestead B. Sch. Dist. v. Allegheny Co. Bd. of Sch. Directors*, 440 Pa. 113, 269 A.2d 904 (1970). Thus, appellant's failure to inform the lower court of its jurisdictional defect will not result in a waiver.

2. Penal and Correctional Institutions, Act of December 27, 1965, P.L. 1230, § 2, Eff. July 1, 1967; 61 P.S. § 331.2.

period of less than two years: And provided further, That the period of two years herein referred to shall mean the entire continuous term of sentence to which a person is subject, whether the same be by one or more sentences, either to simple imprisonment or to an indeterminate imprisonment at hard labor, as now or hereafter authorized by law to be imposed for criminal offenses. The power of the board to parole shall extend to prisoners sentenced to definite or flat sentences." [3]

Pennsylvania courts have frequently stated that the legislature has vested in the Board of Parole the exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge from parole all persons with certain exceptions. *Commonwealth ex rel. Hendrickson v. State Brd. of Parole*, 409 Pa. 204, 185 A.2d 581 (1962); *Commonwealth ex rel. Sparks v. Russell*, 403 Pa. 320, 169 A.2d 884 (1961); *Commonwealth ex rel. Soudani v. Maroney*, 200 Pa.Super. 254, 188 A.2d 780 (1963). The rationale behind the rule is clear, "Parole is first and foremost a penological measure for the disciplinary treatment of prisoners who seem capable of rehabilitation outside of prison walls. The prisoner on parole is still in the legal custody of the state through the warden of the institution from which he was paroled, and is under the control of the warden and of other agents of the Commonwealth until expiration of the term of his sentence. Accordingly, the matter of whether a prisoner is a good risk for release on parole or has shown himself not to be a good risk is a disciplinary matter which by its very nature must be left in the hands of those charged with the responsibility for deciding the question." *Comm. ex rel. Hendrickson v. State Board of Parole*, supra 409 Pa. at 207–208, 185 A.2d at 584 (citations omitted). In *Commonwealth v. Bigley*, 231 Pa.Super. 492, 331 A.2d 802 (1974), our Court considered the statutory powers of the Parole Board and the consequent effect upon the power of Pennsylvania Courts of Common Pleas. In *Bigley*, appellant was on parole when the police arrested him on new charges of

3. Penal and Correctional Institutions, supra; 61 P.S. § 331.17.

burglary and larceny. The Parole Board filed a detainer against appellant. In March, 1974, the court sentenced appellant to serve one to three years in prison on the new charges. In April, 1974, the trial court issued an order attempting to revoke appellant's parole and to allocate the time which appellant had spent in jail prior to the imposition of sentence. The Parole Board adjudicated appellant a parole violator and, in its order, also allocated the time served by appellant prior to sentencing. Appellant filed a direct appeal from the order of the lower court. The allocation of appellant's time in prison prior to sentencing would affect the date on which appellant could first be granted parole. We held:

"We need not decide these contentions. The Act of August 6, 1941, P.L. 861, § 17, as most recently amended December 27, 1965, P.L. 1230, § 8, 61 P.S. § 331.17, provides that the Parole Board 'shall have *exclusive power* to . . . *commit and recommit* for violations of parole' with the exception of cases involving less than two years maximum imprisonment. (Emphasis supplied.) In addition, the Act of August 6, 1941, P.L. 861, § 21.1, added August 24, 1951, P.L. 1401, § 5, as most recently amended June 28, 1957, P.L. 429, § 1, 61 P.S. § 331.21a, provides that '[a]ny parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, *may, at the discretion of the board*, be recommitted as a parole violator.' (Emphasis supplied). The sentencing judge lacks authority to issue an order at variance with the terms of this statute. *Commonwealth v. Draper*, 222 Pa.Super. 26, 293 A.2d 614 (1972). The lower court exceeded its power in attempting to decide whether appellant must be recommitted as a parole violator and, if so, when he should begin and finish his sentence as a parole violator. Thus, the lower court's order of April 15,

1974, was of no effect." *Commonwealth v. Bigley*, supra, 231 Pa. at 496–497, 331 A.2d at 804. (footnotes omitted) (Emphasis in original).

In the instant case, because appellant's maximum sentence exceeded two years, the Parole Board had exclusive power to commit and recommit appellant as a parole violator. Therefore, the lower court's attempt to recommit appellant as a parole violator was beyond the scope of its power, and the May 2, 1975 order, as reimposed on September 9, 1976, was of no effect.

Appellant's counsel[4] also contends that the Commonwealth delayed too long in revoking appellant's probation. The docket entries reveal that on May 24, 1972, eleven months after the imposition of sentence, appellant fled the state of Pennsylvania. On May 3, 1973, the court directed that a bench warrant be issued for appellant. In October, 1974, appellant turned himself in to federal authorities in Tennessee who returned him to Pennsylvania in February, 1975. One month later, on March 27, 1975, the lower court held a probation revocation hearing.

▮ Pa.R.Crim.P. 1409; 19 P.S. Appendix, mandates that Pennsylvania courts hold speedy probation revocation hearings. The courts must act with reasonable promptness after the discovery of the violation. *Commonwealth v. Parker*, 244 Pa.Super. 113, 366 A.2d 941 (1976). In determining whether the delay was reasonable, we must consider the length of and reasons for the delay. *Commonwealth v. Holmes*, 248 Pa.Super. 552, 375 A.2d 379 (1977). We have held that when an appellant conceals the violation or evades arrest, he cannot complain of the consequent delay. *Commonwealth v. Clark*, 225 Pa.Super. 171, 310 A.2d 316 (1973).

In the instant case, appellant was a fugitive from justice for over two years. He successfully concealed his whereabouts from the Commonwealth and avoided arrest. During

4. In a cogent, *pro se* brief, appellant states that he is not appealing from the reimposition of a three year term of probation.

his absence, the Parole Board requested that a bench warrant be issued. Moreover, the court held a revocation hearing within one month of appellant's return to Pennsylvania. We find that the Commonwealth has adequately explained the reasons for the delay, and, that the Commonwealth acted with reasonable promptness to revoke appellant's probation upon his return to Pennsylvania.

On Bill of indictment number 1835 of 1970, all judgments of sentence subsequent to that of June 3, 1971, are vacated.[5] The judgment of sentence on Bill of indictment number 1836 of 1970 is affirmed.

PRICE, J., dissents.

---

5. Our decision in no way affects the power of the Parole Board in the instant case.