**John BACHMAN, Petitioner,**

v.

**Glenn R. JEFFES et al., Respondents.**

**Civ. No. 79–1243.**

United States District Court,
M. D. Pennsylvania.

Jan. 30, 1980.

John Bachman, pro se.

Robert A. Greevy, Asst. Atty. Gen., Board of Probation and Parole, Commonwealth of Pa., Harrisburg, Pa., for respondents.

## MEMORANDUM

NEALON, Chief Judge.

John Bachman, an inmate at the State Correctional Institution at Dallas, has filed this habeas corpus action under 28 U.S.C. § 2254 challenging his denial of parole. The petitioner is presently serving a two to five year sentence imposed in April 1977 for involuntary deviate sexual intercourse. On March 7, 1979, the Pennsylvania Board of Probation and Parole ("Board") denied the prisoner's request for relief "because of [a] serious pattern of criminal offenses, need for further counseling, treatment." *See* Exhibit B appended to Document 1 of the Record. The Commonwealth admits that Bachman has exhausted all state judicial remedies before seeking relief in this court. 28 U.S.C. § 2254(b).

Significantly, the petitioner's claim for relief does not involve procedural due process.[1] Rather, he contends that the Board's decision was either erroneous or beyond the scope of its legal power. First, the prisoner maintains that the refusal to release him after two years of incarceration violated the intent of the sentencing court, which supposedly desired that he serve only the minimum period of confinement. Second, the inmate feels that the Board was incor-

rect in refusing to parole him on the grounds that he needed more counseling, because he has availed himself fully of all services offered at Dallas and can obtain no further treatment. Third, the petitioner argues that his advanced age and poor health were not given proper weight in the decision to retain him in jail. Finally, Bachman suggests that the Board is exercising power unconstitutionally delegated by the legislature if its officials are "so unguided and uncontrolled" that they can ignore the factors which demonstrate the appropriateness of his release.

In *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7–13, 99 S.Ct. 2100, 2104–06, 60 L.Ed.2d 668 (1979), the Supreme Court explained that a state prisoner does not have an inherent due process interest in parole. Such a privilege, if it exists, must be provided by the state. Thus, Bachman cannot claim a constitutional right to an early release unless he can demonstrate that in his present circumstances some provision of Pennsylvania law guarantees his parole.[2]

The petitioner's frustration of judicial intent argument is unpersuasive. This case is highly analogous to *United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) in which the Supreme Court held that the United States Parole Commission is not bound by the trial court's recommendations, because Congress has granted the former sole discretion in determining when, if ever, a federal inmate deserves early release. Bachman was sentenced to a maximum term in excess of two years. Thus, in his situation the State Parole Board had "exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge from

---

1. The Board has a statutory duty to follow definite procedures and to consider certain evidence. Failure to conform to these requirements could render a decision arbitrary and thus invalid. *Gahagan v. Pennsylvania Board of Probation and Parole*, 444 F.Supp. 1326, 1332–33 (E.D.Pa.1978).

2. On the facts of this case, of course, failure by the petitioner to demonstrate a constitutional right at stake would preclude habeas corpus relief. *See Rose v. Hodges*, 423 U.S. 19, 21–22, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975).

parole . . ." 61 P.S. § 331.17. *See Commonwealth v. Brittingham*, 442 Pa. 241, 246, 275 A.2d 83 (1971); *Commonwealth ex rel. Hendrickson v. State Board of Parole*, 409 Pa. 204, 207, 185 A.2d 581 (1962), *cert. denied*, 374 U.S. 817, 83 S.Ct. 1713, 10 L.Ed.2d 1041 (1963). Pennsylvania law does not make the trial judge's suggestions on this matter binding.[3] Therefore, the fact that the petitioner's time in prison may have exceeded that envisioned by the sentencing court does not merit habeas corpus relief.

As has been explained, Bachman's second and third contentions maintain that the Board erred both in deciding that he required more counseling and in failing to give fair consideration to his age and health. These arguments essentially ask the court to substitute its judgment for that of the state authorities. Such a request is improper.

██ Under Pennsylvania law, parole is not a matter of right. *Commonwealth v. Brittingham*, 442 Pa. at 246, 275 A.2d 83; *Commonwealth ex rel. Hendrickson v. State Board of Parole*, 409 Pa. at 207, 185 A.2d 581. The Board's refusal to grant an early release is not subject to judicial review on other than procedural grounds. *See Commonwealth v. Vladyka*, 425 Pa. 603, 607, 229 A.2d 920 (1967). Since the inmate has no state law right to challenge the parole offi-

cials' substantive decisions, his due process interests are not implicated. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 99 S.Ct. at 2104–06. For this reason, he shall not be permitted to litigate in a federal habeas corpus action the wisdom of the denial of his release.[4]

██ Bachman's final argument brands the Board's enabling legislation an unconstitutional delegation of authority. This matter, of course, is purely a question of state law[5] and thus does not fall within the proper scope of § 2254. *Rose v. Hodges*, 423 U.S. at 21–22, 96 S.Ct. at 177, 46 L.Ed.2d 162. Yet the claim would be rejected even if the court did feel obligated to consider it, because the overall Act certainly contains sufficient guidelines to constitute a valid delegation of legislative authority under the Pennsylvania Constitution. *Compare* 61 P.S. §§ 331, et seq., especially § 331.19, *with Commonwealth v. Cherney*, 454 Pa. 285, 289–92, 312 A.2d 38 (1973).

---

**3.** *See* 61 P.S. § 331.19 which only obligates the Board to *consider* the judge's recommendation. Significantly, attempts by trial courts to interfere with the Board's exclusive jurisdiction in the revocation of parole have been clearly rejected. *Commonwealth v. Call*, 249 Pa.Super. 511, 519, 378 A.2d 412 (1977); *Commonwealth v. Bigley*, 231 Pa.Super. 492, 496–97, 331 A.2d 802 (1974).

**4.** Bachman does suggest that refusal to parole a person in his physical condition violates the Eighth Amendment. This bald assertion, however, gives the court no reason to conclude that the decision is "incompatible with 'the evolving standards of decency that mark the progress of

a maturing society'" or deliberately indifferent to his "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 102–07, 97 S.Ct. 285, 290–92, 50 L.Ed.2d 251 (1976).

**5.** The terms under which the Pennsylvania legislature may delegate part of its authority to an administrative agency are controlled by the state constitution.