421 A.2d 365

**COMMONWEALTH of Pennsylvania,**

v.

**Roosevelt WRIGHT, a/k/a Roosevelt Blakely, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Filed Aug. 1, 1980.

■■■■■■■
■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■

David R. Eshelman, Assistant Public Defender, Reading, for appellant.

J. Michael Morrissey, District Attorney, Reading, for Commonwealth, appellee.

Before VAN der VOORT, WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

Appellant was arrested on October 6, 1976, and convicted, following a jury trial, on January 18, 1977, of simple assault. Post verdict motions were filed and denied. Appellant was thereafter sentenced on October 28, 1977 to a term of imprisonment for one to two years effective on that date. On November 4, 1977, a petition for reconsideration and modification of sentence was filed which requested that appellant be given credit for time served from October 6, 1976. Following a hearing, the petition was denied.

The incident surrounding the assault charge occurred at 4:00 A.M. on September 20, 1976. Denise Lewars, fifteen years of age, was delivering newspapers in the vicinity of Ninth and Cotton Streets in the city of Reading. The appellant and an individual named Robert Ehrgood, whom Miss Lewars knew, walked directly in front of the girl at a distance of three to four feet while she was delivering a paper on Ninth Street. Shortly thereafter, upon noticing the two men lingering at the corner, Ms. Lewars, decided to sit on the lit porch of a nearby home until they were gone. Appellant again walked past her while she was sitting on the porch. She resumed her deliveries a short time later and was joined by her sister. The appellant then approached her

o

from the front, pushed the sister into the street and grabbed the victim placing a sharp object against her throat. When the sister began to scream, the appellant fled the scene.

Appellant presents several issues for review, the first of which questions the sufficiency of the evidence to convict him of simple assault on two grounds, (1) that the Commonwealth failed to sufficiently prove his identity as the assailant; and (2) that the Commonwealth failed to prove the crime of simple assault rather than mere harassment. Initially we note the test on appeal for examining the sufficiency of evidence is "whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which, if believed, the fact finder could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted." *Commonwealth v. Rodgers*, 472 Pa. 435, at 442, 372 A.2d 771, at 774 (1977).

Appellant alleges that the testimony of the fifteen year old victim in the case was incredible and not worthy of belief. The victim's pretrial identification occurred at the preliminary hearing when appellant was the only black person in the courtroom and this identification was properly suppressed; therefore the only consideration is whether the in–court identification, at trial, had an independent basis sufficient to purge it of the primary taint. Upon examination of the victim's testimony, it is clear that the in–court identification was positive, unequivocal and unshaken on cross examination. Miss Lewars testified that the street was well lighted and that she could see appellant clearly. She was also able to observe him at least twice prior to the attack.

Appellant further argues that the victim's identification is shaken by the fact that two days after the incident, Miss Lewars selected appellant's photograph from several shown to her by police while her sister chose that of another individual and when the victim was shown the two photos together she was unable to positively identify appellant. Apart from the fact that the photograph shown the victim

was not a recent one, we again reiterate that the in—court identification had an established independent basis. Further, the cases cited by appellant in support of his argument are inapposite in that Miss Lewars was clearly not unduly influenced by an illegal photographic show—up.

■ A corollary issue to appellant's sufficiency argument is whether the act in question can be properly characterized as a simple assault or whether the charge should have been limited to harassment. A person is guilty of simple assault if he "(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another; (2) negligently causes bodily injury to another with a deadly weapon; or (3) attempts by physical menace to put another in fear of imminent serious bodily injury." Act of December 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S. § 2701(a). Unquestionably the actions of the assailant in this case fall within the purview of the assault statute. There is ample evidence to support the charge that the victim, by physical menace, was put in fear of imminent serious bodily injury and not merely harassed, annoyed or alarmed. Act of December 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; See 18 Pa.C.S. § 2709.

■ Appellant further alleges that the trial court erred in not granting the defense request for a mistrial. The basis for this request involved the following exchange which occurred on redirect examination between the District Attorney and the victim:

BY MR. RIZZUTO:

Q. Denise, there are some very important things I think we should point out to the ladies and gentlemen of the jury. The first thing is, when you were at the police station, as Mr. Eshelman had asked you about, and you were selecting photographs, whose photograph did you select?

A. I selected his.

Q. You selected the defendant's photograph?

A. Yes.

Q. Whose photograph did your sister select?

A. The other.

Q. Someone else?

A. Yes, the other, right.

Q. So, in other words, Mr. Eshelman says you were confused as to who the defendant was. You were never confused, were you, because you picked out his photograph?

A. I picked out his photograph but when my sister picked it out I wasn't sure when she picked hers out and we put them together they both looked alike.

Q. I see. When you picked your photograph out you were correct, in other words?

MR. ESHELMAN: Well, I object to that, Your Honor, I move for a mistrial also.

MR. RIZZUTO: Your Honor, I don't see any prejudice.

THE COURT: Just a moment. The motion for a mistrial is denied. However, the objection is sustained . . .

MR. RIZZUTO: I'll rephrase the question.

THE COURT: ___ as to the last question, and you may rephrase it.

BY MR. RIZZUTO:

Q. All right. The photograph that you picked out at the police station ___

THE COURT: One other thing. The jury is instructed to disregard the question of the district attorney put to this witness. The objection is sustained as to the form of that question and you are to strike it from your minds, that particular question. And you may now rephrase your question, if you desire to do so.

MR. RIZZUTO: Thank you, Your Honor.

BY MR. RIZZUTO:

Q. The photograph that you selected at the police station when you looked at the photographs was who?

A. Roosevelt Wright.

Q. All right. Now, at every time, every hearing you were asked, that Mr. Eshelman asked you about, the preliminary hearing, the other hearing in court, at the police station and here today, you have never selected anyone as being the person who attacked you but the defendant; is that correct?

A. Yes.

Appellant contends that the district attorney's question to the witness "When you picked your photograph out you were correct, in other words?" was an expression of his personal belief as to the guilt of the accused. However, taken in context, such is not the import of the question, and we do not find it so prejudicial as to warrant a mistrial particularly in light of the immediate cautionary instructions given the jury by the trial judge.

"[E]very unwise or irrelevant remark made in the course of a trial by a judge, a witness or counsel does not compel the granting of a new trial. A new trial is required when the remark is prejudicial, that is when it is of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial. *Commonwealth v. Goosby*, 450 Pa. 609, 611, 301 A.2d 673, 674 (1973), quoting from *Commonwealth v. Phillips*, 183 Pa.Super. 377, 382, 132 A.2d 733, 736 (1957)."

We find no abuse of the court's discretion in denying the defense request for a mistrial.

■ Finally it is alleged that the sentencing court erred in not giving appellant credit on his sentence for time served. Specifically, on October 4, 1976, the State Board of Probation and Parole lodged a detainer against appellant who was then confined to Berks County Prison on other charges. On October 6, 1976, the arrest warrant charging simple assault was served on appellant at the prison. From October 4, 1976, through the date of sentencing in this case, appellant continued in custody and the detainer remained filed. On October 28, 1977, appellant received the maximum sentence on the assault charge, effective that same date, with no

credit for time served. On December 23, 1977, a Petition for Reconsideration and Modification of sentence was filed and denied. The position advanced by appellant in his petition and on appeal is that the Superior Court case of *Commonwealth v. Bigley*, 231 Pa.Super. 492, 331 A.2d 802 (1974),[1] should govern the lower court's actions and that the Commonwealth Court case of *Mitchell v. Com. Bd. of Probation and Parole*, 31 Pa.Cmwlth. 243, 375 A.2d 902 (1977), being in direct conflict with the *Bigley* case, should be ignored by the court. However, upon examination of the cases cited, we find no conflict and determine that the lower court properly applied *Mitchell*.

Pa.R.Crim.P. 1406(b) reads as follows:

"A sentence to imprisonment shall be deemed to commence and shall be computed from the date of commitment for the offense or offenses for which such sentence is imposed, which date shall be specified by the judge. Credit, to be calculated by the clerk of court, shall be given as provided by law for any days spent in custody by the defendant for such offense or offenses prior to the imposition of sentence."

Therefore, normally a defendant is always entitled to have time served while awaiting trial or sentencing on specific charges applied to his eventual sentence. However, a problem arises when the defendant is also a parole violator and the State Board of Parole lodges a detainer against him when he is charged with new offenses. The question then presented is whether the defendant is thereafter in custody for the new offense or whether he is in custody under the authority of the Board of Parole.

Appellant relies on the *Bigley* case, but he misinterprets the import of that decision. In *Bigley*, a parolee was arrested on new burglary charges and while incarcerated, the Parole Board lodged their detainer against him. He was subsequently convicted on the new offense, and sentenced. However, the trial judge thereafter issued an order attempt-

---

1. Also see *Commonwealth v. Call*, 249 Pa.Super. 511, 378 A.2d 412 (1977) which cites *Bigley* with approval.

ing to clarify his original sentence and stating that the time which the defendant had spent incarcerated between arrest and sentencing should be applied to the old sentence from which he had been paroled. One month later, the defendant was formally adjudicated a parole violator by the Parole Board and its order calculated the violation as beginning at time of sentencing on the new charges, therefore also denying the defendant credit for the time incarcerated. The Parole Board order was in direct conflict with the order of the sentencing court. The Superior Court, upon review, determined that the sentencing court had in fact exceeded its authority because by applying time served against the prior sentence, it had effectively adjudged the defendant a parole violator and recommitted him which it had no power to do. As stated by the court,

... the Act of August 6, 1941, P.L. 861, § 21.1, added August 24, 1951, P.L. 1401, § 5, as most recently amended June 28, 1957, P.L. 429, § 1, 61 P.S. § 331.21a, provides that "[a]ny parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, *may, at the discretion of the board,* be recommitted as a parole violator." (Emphasis supplied). The sentencing judge lacks authority to issue an order at variance with the terms of this statute. *Commonwealth v. Draper,* 222 Pa.Super. 26, 293 A.2d 614 (1972). The lower court exceeded its power in attempting to decide whether appellant must be recommitted as a parole violator and, if so, when he should begin and finish his sentence as a parole violator. Thus, the lower court's order of April 15, 1974, was of no effect.

Therefore, the Superior Court in *Bigley* was not creating a prophylactic rule which requires the sentencing court to always credit time served by a parole violator to any new

sentence. Rather, the court was merely reaffirming the exclusive discretionary power granted by statute to the Parole Board to commit and recommit parole violators. "As the lower court correctly stated at the time of sentencing, the question of whether credit is to be applied to the sentence on the 1966 charge or to the most recent sentence must be determined by the Parole Board." 231 Pa.Super. 497–498, 331 A.2d at 805.

In the *Mitchell* case,[2] the Commonwealth Court, which is authorized by statute to do so, reviewed the exclusive discretionary power of the Parole Board and stated:

> We must, however, reject the contention of the Board that when a detainer has been lodged against a parolee who has been arrested on another charge, credit for such periods of confinement may, in the discretion of the Board, be applied to either the old sentence or any new sentence subsequently meted out following conviction on such charges.

> . . . once the Board, as an agency with statewide jurisdiction, lodges its detainer or causes a parolee to be arrested on its warrant, a parolee is in the custody of the Board and is no longer incarcerated "for the offense or offenses for which such sentence is imposed" as those words are used in Pa.R.Crim.P. 1406(b). Cf. *Commonwealth ex rel. Bleecher v. Rundle*, 207 Pa.Super. 443, 217 A.2d 772 (1966). The Board, not being compelled to lodge a detainer against a prisoner who will remain incarcerated in any event, must abide by the consequences of its election to do so.

The Commonwealth Court therefore chose to modify the exercise of the discretionary power of the Board as to whether to commit or recommit a parole violator, and when he should begin and finish his sentence. This decision how-

2. In *Mitchell*, a parolee sought review of orders of the Parole Board following revocation proceedings wherein the Board refused to credit the parolee with time incarcerated awaiting trial on new charges.

ever, is not in conflict with the *Bigley* case [3] in that *Mitchell* does not address itself to the issue of the lower court overextending its authority and undermining the province of the Board. The effect of *Mitchell* on the sentencing court is simply that, once the detainer is lodged by the board, Pa.R. Crim.P. 1406(b) need no longer be applied by the sentencing judge because the defendant is no longer committed for the offense or offenses for which such sentence is imposed. This is in keeping with *Bigley's* mandate that the lower court defer to. the Parole Board's discretionary power over a parole violator.

The judgment of sentence is affirmed.

3. It is noted that the Mitchell court by way of *dicta* recognizes a conflict between the two cases; however we feel that the Commonwealth Court's interpretation of the Bigley holding is far too narrow in that different jurisdictional issues are involved in both cases.