J-S35037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAVON L. JONES | : | |
| | : | |
| Appellant | : | No. 638 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 23, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003476-2022

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: NOVEMBER 20, 2023**

Appellant, Savon L. Jones, appeals from the aggregate judgment of sentence of 154 days to 23 months' incarceration followed by 2 years of probation imposed on him after he was convicted of simple assault, terroristic threats, possession of an instrument of crime, and harassment.[1] Appellant's appellate counsel has filed a petition to withdraw and an **_Anders_**[2] brief, stating that the appeal is wholly frivolous. After careful review, we grant counsel's petition to withdraw and affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2701(a)(3), 2706(a)(1), 907(a), and 2709(a)(1), respectively.

[2] **_Anders v. California_**, 386 U.S. 738 (1967).

This case arises out of events that occurred on October 19, 2022, when Appellant threatened the mother of his children (Victim 1) and her aunt (Victim 2) with a box cutter. Appellant was charged with possession of an instrument of crime, two counts of aggravated assault on Victim 1, one count of aggravated assault on Victim 2, one count of simple assault on Victim 1, one count of simple assault on Victim 2, terroristic threats for his actions toward Victim 2, and harassment, charged as a summary offense, for his attack on Victim 1. Criminal Information. A jury trial was held on March 21, 2023, at which Victim 1, Victim 2, and the police officer who responded to the scene testified.

Victim 1 testified that on October 19, 2022, Appellant came to the apartment where she lived with their four-year old son, that she and Appellant got into an argument about their relationship, and that when she ran into the bathroom, Appellant came into the bathroom with a boxcutter in his hand. N.T. Trial at 57-61, 73-74. Victim 1 testified that Appellant grabbed her, held the boxcutter blade to her throat for 10 minutes, and threatened to kill her, but that he did not stab her or try to cut her. *Id.* at 59, 61-63, 70, 74-76, 87. Victim 1 testified that while Appellant was holding the box cutter to her throat, she was afraid and thought that Appellant was going to kill her. *Id.* at 62-63. She testified that she was eventually able to push Appellant away and ran to Victim 2's house across the street to get help. *Id.* at 60, 63-66. Victim 1 testified that she was six or seven months pregnant at the time, that

Appellant knew that she was pregnant, and that, as she was escaping from him, Appellant gestured with a hammer like he was going to hit her in the stomach with it. *Id.* at 58, 60-61, 63-65, 79, 81, 88. Victim 1 testified that after she told Victim 2 what happened, she returned to her apartment because her son was still there, that Appellant ran into her outside the apartment and knocked her down, and that she went inside the apartment and locked all the doors. *Id.* at 67-68, 83.

Victim 2 testified that Victim 1 came to her home at 11:00 p.m. on October 19, 2022 crying and scared and that Victim 1 told her that Appellant had put a box cutter to Victim 1's throat. N.T. Trial at 96-98. Victim 2 testified that she told Victim 1 to run back and get her son out of her apartment and that she saw Appellant knock Victim 1 down when Victim 1 was running toward the apartment. *Id.* at 98-100. Victim 2 testified that she told Appellant to please not hit Victim 1 and that Appellant then turned and charged at her, Victim 2, with a box cutter. *Id.* at 99, 101, 106. Victim 2 testified that Appellant swung the box cutter back and forth at her saying "do you want some, you want some." *Id.* at 99, 106-07. She testified that her husband then pulled her inside their home and that they called the police. *Id.* at 99-101. The police officer testified that when he came to the scene, Victim 1 was stressed and a bit tense, but that she did not have any visible injuries on her neck. *Id.* at 111-12, 116-17.

After the Commonwealth rested, the trial court granted Appellant's motion for judgment of acquittal on the three aggravated assault charges. N.T. Trial at 120-123. Appellant did not testify and called no witnesses. *Id.* at 92-93, 124. The jury found Appellant guilty of simple assault on Victim 1, terroristic threats, and possession of an instrument of crime and acquitted Appellant of simple assault on Victim 2, and the trial court found Appellant guilty of harassment. *Id.* at 149-51; Jury Verdict Slip; Verdict of the Court.

On March 23, 2023, the trial court sentenced Appellant to 154 days to 23 months' incarceration for the simple assault conviction, a concurrent term of 2 years of probation for the possession of an instrument of crime conviction, and a consecutive term of 2 years of probation for the terroristic threats conviction, with the harassment conviction merging with the simple assault conviction. Sentencing Orders. Appellant filed a post-sentence motion on March 30, 2023, in which he challenged the sufficiency and weight of the evidence. The trial court denied Appellant's post-sentence motion on April 4, 2023, and this timely appeal followed.

On July 31, 2023, appellate counsel filed an *Anders* brief and petition to withdraw as counsel. In his *Anders* brief, appellate counsel raises the issues of whether the evidence was sufficient to prove the offenses of simple assault, terroristic threats, and possession of an instrument of crime and whether the jury's verdict that Appellant was guilty of those offenses was against the weight of the evidence and concludes that those issues are all

frivolous. ***Anders*** Brief at 10, 13-19. Appellant has not filed any response to counsel's petition to withdraw or ***Anders*** brief. The Commonwealth filed a brief in support of affirmance.

Before this Court can consider the merits of this appeal, we must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted. ***Commonwealth v. Dempster***, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*); ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). To withdraw from representing a defendant on direct appeal on the basis that the appeal is frivolous, counsel must (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient ***Anders*** brief; and (3) provide a copy of the ***Anders*** brief to the defendant and advise the defendant of his right to retain new counsel or proceed *pro se* and to raise any additional points that he deems worthy of the court's attention. ***Commonwealth v. Tukhi***, 149 A.3d 881, 885-86 (Pa. Super. 2016); ***Goodwin***, 928 A.2d at 290. An ***Anders*** brief must comply with all the following requirements:

> [T]he ***Anders*** brief … must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *see also*
*Dempster*, 187 A.3d at 270. If counsel has satisfied the above requirements,
it is then this Court's duty to conduct its own review of the trial court's
proceedings and render an independent judgment as to whether the appeal is
wholly frivolous. *Dempster*, 187 A.3d at 271; *Commonwealth v. Zeigler*,
112 A.3d 656, 659-60 (Pa. Super. 2015).

Appellate counsel states in his petition to withdraw that he has reviewed
the entire record and determined that there are no non-frivolous grounds for
the appeal. Appellate counsel's July 31, 2023 letter to Appellant provided a
copy of the *Anders* brief to Appellant and advised him of his right either to
retain new counsel or to proceed *pro se* on appeal and to raise any points he
deems worthy of this Court's attention. Appellate counsel's *Anders* brief
provides a procedural and factual summary of the case and cites and discusses
the applicable law on which counsel bases his conclusion that there are no
non-frivolous issues that he can raise on Appellant's behalf. Appellate counsel
has thus complied with the procedural requirements for withdrawal as counsel
in this appeal.

We therefore proceed to conduct an independent review to ascertain
whether the appeal is indeed wholly frivolous. This Court first considers the
issues raised by counsel in the *Anders* brief and determines whether they are
in fact frivolous. *Dempster*, 187 A.3d at 272. In addition, if the Court finds
all of those issues frivolous, this Court conducts a review of the record to

ascertain if, on its face, there are other issues of arguable merit overlooked by counsel. ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1196-97 (Pa. Super. 2018) (*en banc*); ***Dempster***, 187 A.3d at 271-72.

The standard of review that this Court applies in considering Appellant's sufficiency of the evidence issues is well-settled:

> When reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." It is within the province of the fact-finder to determine the weight to accord to each witness's testimony and to believe all, part or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

***Commonwealth v. Steele***, 234 A.3d 840, 845 (Pa. Super. 2020) (quoting ***Commonwealth v. Colon-Plaza***, 136 A.3d 521 (Pa. Super. 2016)) (citations omitted, brackets in original). We conclude that all of Appellant's sufficiency of the evidence claims are frivolous.

The offense of simple assault of which Appellant was convicted is defined by the Crimes Code as follows:

> Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:
>
>      \*          \*          \*
>
> (3) attempts by physical menace to put another in fear of imminent serious bodily injury ….

18 Pa.C.S. § 2701(a)(3). To prove this offense, the Commonwealth must prove that the defendant engaged in menacing or frightening activity with the intent to place another in fear of imminent serious bodily injury. ***Id.***; ***Commonwealth v. Reynolds***, 835 A.2d 720, 726-27 (Pa. Super. 2003); ***Commonwealth v. Little***, 614 A.2d 1146, 1148, 1151 (Pa. Super. 1992); ***see also Commonwealth v. Repko***, 817 A.2d 549, 554-55 (Pa. Super. 2003), ***overruled in part on other issue***, ***Commonwealth v. Matthews***, 870 A.2d 924 (Pa. Super. 2005) (*en banc*). Serious bodily injury is any "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

At trial, Victim 1 testified that Appellant held a box cutter blade to her throat and threatened to kill her while he held the blade to her throat. N.T. Trial at 59, 61-63, 70, 74-75. That evidence is amply sufficient to prove that Appellant engaged in menacing or frightening activity with the intent to place Victim 1 in fear of imminent serious bodily injury. ***Commonwealth v. Wright***, 421 A.2d 365, 366-67 (Pa. Super. 1980) (evidence that defendant held a sharp object to victim's throat is sufficient to prove simple assault by physical menace); ***Commonwealth v. Moss***, No. 1533 MDA 2018, slip op. at 11 (Pa. Super. February 10, 2020) (unpublished memorandum) ("The act of brandishing a knife at a person is sufficient to sustain a conviction for simple assault by physical menace"); ***Commonwealth v. Molina-Torres***, No. 455

WDA 2019, slip op. at 7 (Pa. Super. October 29, 2019) (unpublished memorandum) (evidence that defendant pointed a knife at victim is sufficient to prove the elements of simple assault by physical menace).

To convict a defendant of terroristic threats under the section of the Crimes Code at issue here, the Commonwealth must prove two elements: (1) that the defendant made a threat to commit a crime of violence and (2) that the defendant communicated the threat with the intent to terrorize another person. 18 Pa.C.S. § 2706(a)(1); *Commonwealth v. Martinez*, 153 A.3d 1025, 1028 (Pa. Super. 2016). Proof of an express verbal threat to commit a specific crime is not necessary to sustain a terroristic threats conviction. *Commonwealth v. Kline*, 201 A.3d 1288, 1290-92 (Pa. Super. 2019) (threatening hand gesture without any verbal threat held sufficient to support terroristic threats conviction); *Martinez*, 153 A.3d at 1028. The threat to commit a crime of violence with intent to terrorize may be proven from a combination of the defendant's words and threatening actions toward the victim, even though his words by themselves would not constitute a threat. *Martinez*, 153 A.3d at 1028-29; *Commonwealth v. McCalman*, 795 A.2d 412, 418 (Pa. Super. 2002); *In re Maloney*, 636 A.2d 671, 676 (Pa. Super. 1994).

The charge of terroristic threats related to Appellant's actions toward Victim 2. Criminal Information at 1; Jury Verdict Slip. Victim 2 testified that Appellant swung a box cutter back and forth at her while saying "do you want

some, you want some." N.T. Trial at 99, 106-07.[3] That evidence that Appellant brandished a weapon at Victim 2 while using language indicating that he was willing to use it is sufficient to prove that Appellant made a threat to commit a crime of violence against Victim 2 and communicated it to her with the intent to terrorize. **Martinez**, 153 A.3d at 1028-29 (evidence that defendant said "what do you got?" to victim and then pointed a gun at him was sufficient to prove terroristic threats); **Commonwealth v. Williams**, No. 637 WDA 2022, slip op. at 18 (Pa. Super. May 12, 2023) (unpublished memorandum) (evidence that defendant held a knife and cut himself with it while saying to his children that it was their mother's fault and preventing them from calling for help or hiding was sufficient to support terroristic threats conviction because the children could reasonably interpret those actions and statements to imply that defendant would also hurt them with the knife); **Molina-Torres**, No. 455 WDA 2019, slip op. at 4-5 (testimony that defendant waved a knife around and pointed it at victim's stomach was sufficient to prove communication of threat that defendant would harm victim with the knife and was sufficient to prove terroristic threats).

---

[3] We note that appellate counsel in his **Anders** brief incorrectly based his sufficiency of the evidence analysis of the terroristic threats conviction on what was in fact Victim 1's testimony concerning Appellant's attack on her and did not evaluate the evidence concerning Appellant's conduct toward Victim 2 on which the terroristic threats conviction rests. **Anders** Brief at 17. While appellate counsel's error is troubling, it has not impeded our review and does not alter the fact that a challenge to the sufficiency of the evidence with respect to the terroristic threats conviction is frivolous.

The evidence is likewise sufficient to support Appellant's possession of an instrument of crime conviction. The offense of possession of an instrument of crime requires proof of two elements: (1) that the defendant possessed an object that is an instrument of crime and (2) that the defendant had the intent to use the object for a criminal purpose. 18 Pa.C.S. § 907(a); *Commonwealth v. Brockington*, 230 A.3d 1209, 1213 (Pa. Super. 2020); *Commonwealth v. Robertson*, 874 A.2d 1200, 1208 (Pa. Super. 2005). The Crimes Code defines an "instrument of crime" as "[a]nything specially made or specially adapted for criminal use" or "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S. § 907(d). Proof that the defendant used an otherwise lawful object as a weapon to commit a crime is sufficient to prove both possession of an instrument of crime and intent to use that instrument of crime for a criminal purpose. *Tukhi*, 149 A.3d at 888 (evidence that defendant assaulted victim with an iron pipe was sufficient to support possession of an instrument of crime conviction); *Robertson*, 874 A.2d at 1209 (evidence that defendant used knife to commit robbery and assault was sufficient to support possession of an instrument of crime conviction).

Here, as discussed above, Victim 1's testimony that Appellant held a box cutter to her throat, N.T. Trial at 59, 61-63, 70, 74-75, and Victim 2's testimony that he threatened her with the box cutter, *id.* at 99, 106-07, were sufficient to prove the Appellant used a box cutter to commit the crimes of

simple assault by physical menace and terroristic threats. The evidence was therefore sufficient to sustain Appellant's conviction for possession of an instrument of crime. **Tukhi**, 149 A.3d at 888; **Robertson**, 874 A.2d at 1209; **Molina-Torres**, No. 455 WDA 2019, slip op. at 6 (evidence that defendant used knife to commit crime of terroristic threats was sufficient to prove possession of an instrument of crime).

The remaining issue raised by counsel in his **Anders** brief, that the trial court erred in rejecting Appellant's claim that the jury's verdict was against the weight of the evidence, is also frivolous. A new trial may be granted on the ground that the verdict is against the weight of the evidence only where the verdict was so contrary to the evidence that it shocks the trial court's sense of justice. **Commonwealth v. James**, 268 A.3d 461, 468 (Pa. Super. 2021); **Commonwealth v. Antidormi**, 84 A.3d 736, 758 (Pa. Super. 2014). Our review of the denial of a motion for a new trial based on weight of the evidence is limited. We review whether the trial court abused its discretion in concluding that the verdict was not against the weight of the evidence, not whether the verdict, in this Court's opinion, was against the weight of the evidence. **Commonwealth v. Clemons**, 200 A.3d 441, 463-64 (Pa. 2019); **Commonwealth v. Delmonico**, 251 A.3d 829, 837 (Pa. Super. 2021).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge …. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence.

- 12 -

*Antidormi*, 84 A.3d at 758 (quoting *Commonwealth v. Clay*, 64 A.3d 1049 (Pa. 2013)) (brackets omitted).

As demonstrated above, the testimony of Victim 1 and Victim 2 was sufficient to prove all of the elements of the offenses of which the jury convicted Appellant. The trial court, which heard the testimony and observed the witnesses' demeanor, concluded that the jury found Victim 1 and Victim 2 credible and that "the verdict was consistent with the evidence presented" and did not shock its sense of justice. Trial Court Opinion at 7-8. There is nothing in the trial record that indicates that either victim's testimony was implausible or that the jury could not reasonably find them credible. Although there was evidence that Victim 1 had no visible marks on her neck, N.T. Trial at 116-17, that is not incompatible with her testimony that Appellant held a box cutter at her throat, as she testified that Appellant did not cut her with the box cutter. *Id.* at 62-63, 87. The trial court therefore did not abuse its discretion in concluding that the verdict was not against the weight of the evidence.

Based on the foregoing, we agree with appellate counsel that the issues raised by Appellant lack any arguable merit. In addition, we have reviewed the certified record and have discovered no additional issues of arguable merit on the face of the record. Therefore, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/20/2023