Commonwealth *v.* Harbold, Appellant.

Submitted May 26, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*James W. Harbold,* appellant, in propria persona.

*John F. Rauhauser, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, October 9, 1969:

This is an appeal from the Order of the Court of

Common Pleas of York County, dismissing defendant's petition under the Post Conviction Hearing Act.

Petitioner was convicted by a jury of first-degree murder on May 24, 1962, and is currently serving a life sentence. Throughout the trial, petitioner was represented by two Court-appointed lawyers. Shortly after the verdict, petitioner's counsel filed motions for a new trial and in arrest of judgment. Petitioner both orally and in writing informed the trial Judge that he wished to withdraw these motions and be sentenced immediately. After a hearing, with petitioner and his counsel present, the trial Judge agreed to the withdrawal of the motions for a new trial and in arrest of judgment.

Commencing in 1964, petitioner began flooding the Courts with Post Conviction Hearing Act petitions and habeas corpus petitions, all of which were denied.

In this, his latest appeal, petitioner alleges that he is entitled to a new trial because he was twice placed in double jeopardy. The basis for this contention is that on January 23, 1962, petitioner had a preliminary hearing and was bound over for the Court in York County. On February 14, 1962, petitioner through his counsel obtained relief through habeas corpus and was released because the Court en banc found that a prima facie case had not been established. Petitioner was re-arrested the same day, and after a second preliminary hearing was bound over for Court and eventually convicted of first-degree murder.

The Order of the lower Court, in dismissing without an evidentiary hearing petitioner's present Post Conviction Hearing Act petition, was proper and devoid of any error. The disposition of this case is controlled by *Commonwealth ex rel. Harbold v. Myers*, 417 Pa. 358, 207 A. 2d 805. In that case, the present petitioner raised, in a habeas corpus proceeding, the same double jeopardy contention, although in slightly dif-

ferent terms. This Court affirmed the lower Court's denial of petitioner's habeas corpus petition. In so doing, we said, inter alia (page 361) : "In an extensive opinion, after discussing each of the petition's allegations, the court unanimously denied the petition. Because the court deemed the petition to be clearly without merit, no hearing was held. We agree that the petition should be denied."

As mentioned above, petitioner has been an active litigant,* not only in the Courts of this Commonwealth but in the United States District Court for the Middle District of Pennsylvania, as well as in the Circuit Court of Appeals and through certiorari in the Supreme Court of the United States, and in each and every case his petition was dismissed. There is absolutely no merit in the present petition or in any of defendant's oft-repeated contentions.

Order affirmed.

Mr. Justice ROBERTS concurs in the result; see *Commonwealth ex rel. Harbold v. Myers,* 417 Pa. 358, 207 A. 2d 805 (1965) ; Post Conviction Hearing Act §4(a).

---

* He has previously filed five petitions.