Commonwealth *v.* Brittingham, Appellant.

Submitted November 9, 1970.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Thomas M. Kittredge,* for appellant.

*J. Bruce McKissock* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy Dis-

trict Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 18, 1971:

We must here decide whether appellant's choice not to take an appeal from a dismissal of his Post Conviction Hearing Act[1] petition in order to have his application for parole considered at the earliest possible date by the Parole Board is a knowing and intelligent waiver of his right to appeal. We believe a valid waiver occurred.

Appellant, Edward Brittingham, was arrested in September, 1963, and charged with larceny of a motor vehicle, burglary of a motor vehicle, larceny, and three counts of receiving stolen goods. Brittingham pleaded guilty to the charges of receiving stolen goods and not guilty to the remaining indictments. His guilty plea was accepted, and he was found not guilty on the other charges after a trial without a jury. He was sentenced to a total of from three and one half to seven years.

Appellant filed a PCHA petition on October 23, 1967, alleging his guilty plea was involuntary. His petition was dismissed after a hearing, and no appeal was taken from that determination.

On March 19, 1969, appellant filed a second PCHA petition raising substantially the same issue asserted in the earlier petition. A supplemental petition was also filed alleging appellant had not voluntarily and intelligently waived his right of appeal guaranteed by Section 11 of the Act. Hearing was held, and both petitions were dismissed. The Superior Court affirmed *per curiam* without opinion on May 21, 1970. A petition for allocatur was filed and granted.

---

[1] Act of January 25, 1966, P. L. (1965) 1580, §1 et seq., 19 P.S. §1180-1 et seq. (Supp. 1970).

Appellant admits that he discussed the question of appeal with his counsel at the time his first PCHA petition was dismissed. Thus the gravamen of his argument is not that he did not know of his right to appeal but rather his waiver of appeal was not voluntary in that he was deterred from appealing by the desire to submit his application for parole at the earliest date of his parole eligibility. The "deterrence" involved is a policy of the Parole Board not to consider any applications for parole while a PCHA appeal is pending.[2]

To the best of our knowledge, this is the first time this precise issue has come before this Court. Appellant refers us to our decision in *Commonwealth ex rel. Robinson v. Myers*, 427 Pa. 104, 233 A. 2d 220 (1967) as being controlling. There, although appellant was accused of murder, he was convicted of voluntary manslaughter. His court-appointed counsel actively discouraged taking an appeal, advising appellant that a retrial might result in a conviction of first degree murder. We held this to be an invalid waiver because appellant's conviction of the crime of the lower degree operated as an acquittal of the crime of murder, and thus his acquiescence in the decision to forego appeal was unintelligent. Id. at 108-09, 233 A. 2d at 223.

To the opposite effect, the Commonwealth relies on the *Harbold* cases for the principle that a defendant who deliberately and knowingly chooses to bypass the orderly state procedures afforded one convicted of a crime for challenging his conviction is bound by the consequences of that decision. See *Commonwealth v. Harbold*, 435 Pa. 501, 257 A. 2d 553 (1969); *Commonwealth ex rel. Harbold v. Rundle*, 427 Pa. 117, 233 A. 2d 261 (1967); *Commonwealth ex rel. Harbold v. Myers*, 417 Pa. 358, 207 A. 2d 805 (1965); see also *Commonwealth v. Wallace*, 427 Pa. 110, 233 A. 2d 218

---

[2] See generally Note, 30 Temp. L. Q. 309 (1957).

(1967). These decisions all involved instances where the accused withdrew his post-trial motions after extensive consultation with counsel and the court. See, e.g., *Commonwealth ex rel. Harbold v. Myers,* supra, 417 Pa. at 360-64 nn.2, 9-12, 207 A. 2d at 806-08 nn.2, 9-12; *Commonwealth v. Wallace,* supra at 111-12, 233 A. 2d at 219. There was no question but that valid waivers had occurred. The Commonwealth urges that these cases govern our decision today.

The present appeal presents a more complex case. Yet, having reviewed decisions in other jurisdictions on similar issues,[3] we are persuaded that Brittingham knowingly and voluntarily waived his appeal rights.

As previously noted, appellant here admittedly knew of his right to appeal, and made a well-considered strategic choice as to whether to appeal his conviction or hazard an application to the Parole Board. We do not believe the burden of having to delay an application for parole if appellant chooses to file an appeal can in any way be considered a meaningful deprivation of or encroachment upon the right to appeal. If eligibility for parole and the pendency of a collateral appeal coincide, it is usually due to factors within appellant's control. Here, Brittingham delayed filing his PCHA petition until almost four years after judgment of sentence was entered. That the time for appealing from the denial of his PCHA petition and the time of his earliest eligibility for parole coincided was due solely to his actions.

---

[3] See, e.g., *Moore v. Crouse,* 393 F. 2d 489 (10th Cir. 1968) ; *Brooks v. State,* 51 Ariz. 544, 78 P. 2d 498 (1938) ; *State v. McCarther,* 197 Kan. 279, 416 P. 2d 290 (1966) ; *State v. Longmore,* 178 Neb. 500, 134 N.W. 2d 66 (1965) ; *People v. Del Rio,* 14 N.Y. 2d 165, 250 N.Y.S. 2d 257, 199 N.E. 2d 359 (1964) ; *Wilkerson v. State,* 395 S.W. 2d 618 (Tex. Ct. Crim. App. 1965) ; see generally Annot., 117 A.L.R. 929 (1938) ; 24 C.J.S., Criminal Law §1668 (1961).

We also recognize that a legitimate administrative interest exists in the Parole Board's policy of delaying consideration of an application while an appeal is pending. The Board presumably wishes to forestall wasted effort in reviewing and processing applications in light of the possibility that the potential parolee's conviction might be overturned or vacated on appeal.

Thus, we deem that any prejudice suffered by appellant if he files his appeal and accordingly has to postpone submitting his parole application during the time his appeal is pending is *de minimis*. Furthermore, the granting of parole is not a right, but a matter of administrative discretion.[4] As we observed in *Commonwealth ex rel. Hendrickson v. State Board of Parole,* 409 Pa. 204, 185 A. 2d 581 (1962) : "The parole of a prisoner at the expiration of his minimum term is not a matter of right. Rather, it is a matter of grace and mercy, and the granting, reinstatement and revocation of parole is within the exclusive jurisdiction of the Board. Parole is first and foremost a penological measure for the disciplinary treatment of prisoners who seem capable of rehabilitation outside of prison walls. The prisoner on parole is still in the legal custody of the state through the warden of the institution from which he was paroled, and is under the control of the warden and of other agents of the Commonwealth until expiration of the term of his sentence. . . ." Id. at 207-08, 185 A. 2d at 584 (citation omitted). See also *Commonwealth ex rel. Banks v. Cain,* 345 Pa. 581, 28 A. 2d 897 (1942).[5]

---

[4] This does not imply that principles of procedural due process are inapplicable to parole proceedings. See *Commonwealth v. Tinson,* 433 Pa. 328, 249 A. 2d 549 (1969) (holding that prisoner has a constitutional right to assistance of counsel at a recommitment hearing before the Parole Board).

[5] We recognize that a prisoner statutorily eligible for parole has an absolute right to submit his application to the Parole Board

We emphasize, however, that this Court is acutely aware of its responsibilities under *Johnson v. Zerbst*, 304 U.S. 458, 58 S. Ct. 1019 (1938), to examine whether a waiver of an appeal has been knowing and voluntary. We reaffirm our declaration in *Commonwealth ex rel. Edowski v. Maroney*, 423 Pa. 229, 236, 223 A. 2d 749, 753 (1966) that ". . . a finding of waiver is not to be made lightly and that every reasonable presumption against a waiver will be indulged . . .", and we shall continue to scrutinize all allegations of waiver for any suggestion of unknowing or coerced action on defendant's part.

We stress that in this Commonwealth neither the application for nor the granting of parole in itself ever constitutes an admission of guilt. Parole is an administrative rather than a judicial determination that the applicant is sufficiently rehabilitated to serve the remainder of his sentence outside prison walls. We today decide that appellant is foreclosed from taking an appeal only when he clearly understood his right of appeal and knowingly allows the filing time to expire without exercising that right due to some strategic or tactical choice, such as preferring to submit a parole application at the earliest date of his eligibility rather than pursue his general appellate remedies.

Appellant cites the United States Supreme Court decision in *Fay v. Noia*, 372 U.S. 391, 83 S. Ct. 822 (1963) as being dispositive. There, the Supreme Court of the United States held that a prisoner's failure to appeal a felony murder conviction was not an intelligent and understanding waiver of his rights to appeal when the prisoner had to choose between being content with a life sentence or to appeal with the chance he might re-

---

and have it considered. Act of August 6, 1941, P. L. 861, §22, as amended, 61 P.S. §331.22. However, we do not believe that by prosecuting an appeal, a prisoner is in any way waiving that right.

ceive a death sentence upon retrial. This, the Supreme Court noted, was a "grisly choice" that could not be deemed merely a tactical or strategic litigation step. Id. at 439-40, 83 S. Ct. at 849. Appellant in the appeal before us did not face anything conceivably similar to the choice faced by Noia. Brittingham's option to apply for parole was indeed an understanding and knowledgeable abandonment of the appeal process for strategic reasons made after lengthy consultation with counsel.

Furthermore, we do not believe our decision today solemnizes an unacceptable inducement or deterrent to taking appeals, in contravention of the Standards of the American Bar Association Relating to Criminal Appeals, §2.3 (Approved Draft, 1970), which provide: "2.3 Unacceptable inducements and deterrents to taking appeals. (a) Defendants should be neither induced to take appeals nor deterred from appealing by systematized factors unrelated to the probable outcome of their appeals. (b) . . . (c) Examples of unacceptable deterrents to taking appeals are: (i) Denial of legal assistance at government expense to appellants who cannot afford adequate legal representation; (ii) Denial of recovery of the costs of appeal to successful appellants who have not proceeded in forma pauperis; (iii) The prospect of a more severe sentence or of conviction of an offense of higher degree upon reprosecution, if the appeal is well-grounded."

No such systematized deterrent to appeals in a collateral proceeding exists here. If an appeal is sought from the dismissal of a PCHA petition, appellant, for legitimate administrative purposes, may have to postpone submitting his parole application at the time of his earliest eligibility. His appeal will be heard and resolved as quickly as the sound and efficient administration of justice will allow, and he then may still submit his parole application without prejudice.

However, if, after due consultation with counsel and instructions from the trial or hearing judge informing defendant of his right to appeal, a tactical choice is made by defendant to forego his appeal rights in order to submit his parole application at the earliest possible date, a knowing, voluntary, and intelligent waiver of those rights has occurred.

The order of the Superior Court affirming the December 8, 1969, dismissal of appellant's Post Conviction Hearing Act petition by the Philadelphia Court of Common Pleas, Trial Division, is affirmed.

Mr. Justice COHEN took no part in the decision of this case.