452 A.2d 1004

James CLARKE

v.

COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE.

Petition of Lester G. NAUHAUS, Public Defender, and John H. Corbett, Jr.

Supreme Court of Pennsylvania.

Argued Sept. 22, 1982.

Decided Nov. 4, 1982.

Reargument Denied Dec. 20, 1982.

John H. Corbett, Jr., Public Defender, Pittsburgh, for petitioners.

Arthur R. Thomas, Asst. Chief Counsel, Robert A. Greevy, Chief Counsel, Pa. Board of Probation and Parole, Harrisburg, for respondents.

Thomas M. Place, Carlisle, for James Clarke.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

ORDER

PER CURIAM:

Appeal dismissed as having been improvidently granted.

McDERMOTT, J., filed a dissenting opinion in which HUTCHINSON, J., joined.

McDERMOTT, Justice, dissenting.

The majority, by dismissing this appeal as improvidently granted, is avoiding a major issue which should be addressed by this Court, i.e., whether the constitutional rights to counsel and to judicial review attach to parole application proceedings. I, therefore, dissent.

Appellee filed in Commonwealth Court a *pro se* petition for review of a decision by the Pennsylvania Board of Probation and Parole denying his application for parole. Before addressing the merits of the petition, the court ordered the Office of the Public Defender of Allegheny County to represent appellee. Asserting that appellee was not entitled to counsel, the public defender's office filed a

petition to withdraw, which was denied by the court below resulting in the instant appeal. The Commonwealth Court's action raises serious constitutional questions about parole proceedings in this Commonwealth.

We have already extended to parolees in revocation proceedings not only the right of counsel but the right to judicial review before Commonwealth Court. *See Bronson v. Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980). However, in no instance has this Court recognized these rights where an inmate makes application for parole. Nevertheless, as is evident from the position adopted by both appellee and the court below, confusion persists regarding the application of *Bronson* in parole proceedings. The instant case provides this Court with an opportunity to make progress in eliminating this confusion by stating our position more precisely.

This Court should point out that there is no right to counsel before the parole board when an inmate seeks parole, nor under such circumstances is there a constitutional right of judicial review of the board's decision on an application. Appellee's argument that he is entitled to counsel and to judicial review requires that an application for parole be protected as if it were a constitutional right. However, as stated by Mr. Justice Roberts in *Commonwealth v. Brittingham,* 442 Pa. 241, 275 A.2d 83 (1971), *"the granting of parole is not a right, but a matter of administrative discretion."* (Emphasis supplied.) We should apply this language to the instant case where the issue involves parole application rather than its revocation. Instead, the majority avoids the issue and thereby perpetuates the misconceptions which have given rise to this appeal.

HUTCHINSON, J., joins this dissenting opinion.