

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-9-2008

# DeFoy v. McCullough

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4198

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"DeFoy v. McCullough" (2008). *2008 Decisions.* Paper 140.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/140

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4198

_____

ROBERT LEE DEFOY,
  *Appellant*

v.

SUPERINTENDENT JOHN M. MCCULLOUGH, SUPERINTENDENT;
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA;
PENNSYLVANIA BOARD OF PROBATION AND PAROLE

_____

Appeal from the United States
District Court for the Western District of Pennsylvania
(W.D. Pa. No.: 00-cv-00110E)
District Court Judge: Honorable Sean J. McLaughlin

_____

Submitted Under Third Circuit L.A.R. 34.1(a)

November 21, 2008

_____

Before: FUENTES, HARDIMAN and GARTH, *Circuit Judges*,
(Opinion Filed: December 9, 2008)

_____

**OPINION**

_____

GARTH, *Circuit Judge*:

In 1973 Appellant Robert Lee DeFoy ("DeFoy") was sentenced to 10-20 years in prison for armed robbery and larceny. DeFoy was paroled on April 27, 1983, but was rearrested for parole violation. He was again reparoled on September 17, 1985.

On October 29, 1991, DeFoy was arrested for involuntary deviate sexual intercourse, statutory rape, and corruption of minors (the "sex offenses").

DeFoy was convicted of the latter crime on July 16, 1992, and sentenced to 6 ½ to 13 years in prison.

The parole board revoked parole on the armed robbery/larceny sentence and ordered DeFoy to serve 40 months backtime[1] and participate in sex offender treatment. DeFoy moved for a new trial in his sex offense case. In the meantime, he did not participate in sex offender treatment because he had testified at trial in his own defense, and the treatment program required admission of guilt.[2]

On March 27, 1997, DeFoy was granted a new trial in the sex offense case. In August 1997, DeFoy was up for reparole on the armed robbery/larceny conviction. The Department of Corrections ("DOC") recommended reparole for DeFoy in 1997, but its

---

[1] "'Backtime' is that part of an existing judicially imposed sentence which the Board directs a parolee to complete after a determination in a civil administrative hearing that the parolee violated the terms and conditions of parole. The parolee must serve this backtime in prison before the parolee may again be considered for reparole, Id., and before he begins to serve the new sentence." Brown v. Pa. Bd. of Prob. & Parole, 668 A.2d 218, 220 (Pa. Commw. Ct. 1995)(citation omitted).

[2] The program is a voluntary group therapy system, but prisoners must admit to the official version of their offense to participate. Appx. 430-32, 872.

staff did not agree.  Appx. 45-46, 53, 370.

On June 19, 1997, Hearing Officer Deborah Cook ("Cook") conducted DeFoy's armed robbery/larceny reparole interview.  She recommended a continuance so she could check the status of DeFoy's sex offense proceedings.  Cook discovered that the District Attorney had appealed DeFoy's grant of a new trial, and that DeFoy's convictions "stand[] until . . . resolved."  Thus Cook would not recommend reparole.  Appx. 166-67.

Reparole was officially denied on August 14, 1997.  The reasons given included DeFoy's assaultive initial offense, his removal for cause from a halfway house, his failure to participate in sex offender treatment, and prison misconduct.  Appx. 46, 50, 119-20, 285-86.  DeFoy's armed robbery/larceny term ended on August 7, 2000.

On September 3, 1997, the Superior Court of Pennsylvania reversed DeFoy's grant of a new trial, and on May 15, 1998, the Supreme Court of Pennsylvania denied DeFoy's Petition for Allowance of Appeal.[3]

On April 12, 2000, DeFoy filed a pro se petition for habeas corpus under 28 U.S.C. § 2254, alleging that errors by the parole board had resulted in him serving in excess of the maximum time imposed for his armed robbery/larceny conviction.  After counsel was appointed, he amended his petition to argue violation of the Ex Post Facto and Self-

---

[3] On July 29, 1998, the parole board again denied DeFoy reparole, stating that at the next hearing, it would consider whether DeFoy had successfully completed sex offender treatment.  Appx. 759.  On October 26, 2000, reparole was denied again and DeFoy was ordered to serve the remainder of his sentence for armed robbery and larceny.

Incrimination Clauses.

The Magistrate Judge's Report and Recommendation ("R&R") recommended the petition be denied for failure to exhaust because DeFoy likely could have filed a petition for a writ of mandamus in Pennsylvania state court. The Magistrate Judge recommended that the District Court dismiss the petition because "any ambiguity concerning the availability of a state remedy should result in a habeas petition claim being dismissed as unexhausted." Appx. 1049.

The District Court adopted the R&R, but we entered a certificate of appealability on the question of "[w]hether constitutional claims concerning the denial of parole in Pennsylvania, other than those premised upon the *ex post facto* Clause, must be presented to the state courts in order to satisfy the exhaustion requirement." Appx. 1050.

We reversed, holding that DeFoy was not required to seek a writ of mandamus in state court prior to seeking federal habeas review in order to exhaust his administrative remedies. DeFoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005). We remanded for proceedings on the merits. Two years later, after discovery, DeFoy filed for summary judgment, claiming his right against self-incrimination was violated when he was denied armed robbery/larceny reparole for refusing to admit guilt in sex offender treatment.

The Magistrate Judge's R&R found that the statute of limitations had run on the 1997 denial of reparole, that the case was moot, and that the Fifth Amendment claim failed on the merits. The District Court adopted the R&R on September 28, 2007. DeFoy

timely appealed.  We granted a certificate of appealability limited to whether DeFoy's

Fifth Amendment right against self-incrimination was violated when the parole board

denied him reparole in 1997, purportedly on the basis of his refusal to participate in sex

offender treatment.  This appeal therefore deals only with the 1997 refusal of reparole.

## I.

DeFoy contends that the sole reason he was denied reparole was his refusal of sex

offender treatment.  The record shows that refusal of treatment was one of four factors

considered in DeFoy's denial of reparole and that it was the rare case that parole was

granted without treatment.  We have jurisdiction under 28 U.S.C. § 1291.[4]

## A.

Defendants contend that DeFoy's claim is barred by the statute of limitations.

DeFoy argues that the Defendants waived the defense by failing to raise it much earlier in

the proceedings.  Our review is plenary.  Johnson v. Hendricks, 314 F.3d 159, 161 (3d

Cir. 2002)(plenary review over dismissal of habeas petition as time-barred).

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") establishes a

one-year statute of limitations for habeas corpus actions.  28 U.S.C. § 2244(d)(1).  A

number of Courts of Appeal hold that the statute of limitations in section 2244(d)(1)

applies to habeas petitions challenging a denial of parole.  McAleese v. Brennan, 483

---

[4]  Appellees are John McCullough, former Superintendent of the Pennsylvania State Correctional Institution at Houtzdale, the Attorney General of Pennsylvania, and the Pennsylvania Board of Probation and Parole (collectively "Defendants").

F.3d 206, 213 n.9 (3d Cir. 2007) (citing to cases from the Second, Fourth, Fifth, Seventh, and Ninth Circuit Courts of Appeal). Much like in McAleese, DeFoy does not argue this statute of limitations does not apply. Thus, we hold that since DeFoy is challenging an August 14, 1997 denial of reparole, he had until August 14,1998 to file his petition. His petition was filed on April 12, 2000, and was therefore untimely. The only issue remaining is whether the Defendants waived the limitations defense.

Statutes of limitations, including AEDPA's, are not jurisdictional, and are thus waivable. United States v. Bendolph, 409 F.3d 155, 164 (3d Cir. 2005). "Affirmative defenses must be raised as early as practicable, not only to avoid prejudice, but also to promote judicial economy"; failure to raise the statute of limitations in the answer will not necessarily result in waiver if the defense is raised "at the earliest practicable moment thereafter." Robinson v. Johnson, 313 F.3d 128, 137 (3d Cir. 2002). DeFoy argues that the statute of limitations was waived because Defendants never raised it in their response to the amended petition, Appx. 932-54, and indeed, did not raise it until years later. The Defendants did not raise the defense of statute of limitations "at the earliest practicable moment" after their answer.

The Defendants waited more than five-and-a-half years after the initial petition was filed, and two years after the case was remanded for extensive discovery. See Venters v. City of Delphi, 123 F.3d 956 (7th Cir. 1997); Hayden v. Ford Motor Co., 497

F.2d 1292 (6th Cir. 1974).[5]  This case was initially filed well over eight years ago, and as noted, was before this Court in 2005.  We hold the Defendants waived the defense of statute of limitations.

## II.

In reviewing the denial of a habeas petition, we review the District Court's legal conclusions de novo and its factual conclusions for clear error.  Alston v. Redman, 34 F.3d 1237, 1242 (3d Cir. 1994).  The Fifth Amendment's Self-Incrimination Clause provides no person "shall be compelled in any criminal case to be a witness against himself."  U.S. Const. amend. V.  The Fifth Amendment protects against compulsion in a criminal case and "privileges [a defendant] not to answer official questions put to him in any other proceeding . . . where the answers might incriminate him in future criminal proceedings."  Lefkowitz v. Turley, 414 U.S. 70, 77 (1973).

DeFoy argues that the refusal of reparole for failure to admit his guilt constituted compulsion because a new trial was pending.  He contends that denial of reparole "is the equivalent of increased incarceration."  Appellant's Br. 38.  DeFoy claims that if the parole board had not considered his invocation of the Fifth Amendment, his reparole

---

[5]  Further, Defendants' reliance on  Day v. McDonough, 547 U.S. 198, 209-10 (2006) is misplaced.  That case stands for the proposition that *courts* may consider timeliness of habeas petitions sua sponte as long as the petitioner is not significantly prejudiced by the delay and the interests of justice would be served.  Id.  Day does not give the same leeway to *litigants*, and the waiver considerations explained above still apply.

would have been granted.

Defendants respond that refusal to participate in the voluntary sex offender treatment program carried no penalties because DeFoy's sentence was not lengthened, the incidents of his imprisonment were unchanged, and he remained eligible for, and was considered for, reparole. Further, no incriminating statements were ever used against DeFoy.

This case is analogous to McKune v. Lile, 536 U.S. 24 (2002). In that case, McKune, a rapist, had argued at trial that the intercourse had been consensual and he later refused to participate in sex offender treatment because he would be required to admit to the rape, which could subject him to a possible perjury charge. Id. at 32 (Kennedy, J., plurality opinion). McKune's refusal to participate in the sex offender program resulted in a loss of prison privileges, and he claimed that his Fifth Amendment right against self-incrimination was violated.

The Supreme Court held that McKune's reduction in prison privileges resulting from his refusal of treatment did not rise to the level of compulsion. Id. at 36 (Kennedy, J., plurality opinion), 51 (O'Connor, J., concurring).[6]

Similarly, here, DeFoy maintained his innocence at trial, and an admission to the sex offenses during treatment, he argues, would have been used against him at his then-

---

    [6] McKune is a plurality decision; while five Justices did not agree on the test to be used, five Justices did agree that McKune's Fifth Amendment rights were not violated.

pending new trial. The alleged compulsion was the refusal of early release as a result of the denial of reparole.

DeFoy has no right to parole, Commonwealth v. Brittingham, 275 A.2d 83, 85 (Pa. 1971), and his sentence was not extended, nor was he subjected to extra punishment. See Ainsworth v. Stanley, 317 F.3d 1 (1st Cir. 2002). Contra United States v. Antelope, 395 F.3d 1128, 1138 (9th Cir. 2005). He merely had to serve the rest of his sentence, imposed through a fair criminal process. McKune, 536 U.S. at 53 (O'Connor, J., concurring).[7] Just like McKune, DeFoy was not condemned to the serious punishments found in the Supreme Court's penalty cases[8] or in cases that presented graver choices

---

[7] We do not suggest that a convicted prisoner could be threatened with denial of parole on the offense of conviction in order to compel incriminating statements with respect to any unrelated matter. It is clear from both the plurality and governing concurrence in McKune that the government must have some legitimate interest besides eliciting incriminating statements, such as rehabilitating sex offenders, in order to force such a choice on an individual. See 536 U.S. at 53 (O'Connor, J., concurring) (disavowing "stark[] . . . government attempts to compel testimony"); see also id. at 37-38 (Kennedy, J., plurality opinion) ("A prison clinical rehabilitation program, which is acknowledged to bear a rational relation to a legitimate penological objective, does not violate the privilege against self-incrimination . . . ."); Ainsworth, 317 F.3d at 5 (holding that the denial of parole to convicted sex offenders based on their refusal to participate in therapy was justified by government's legitimate interest in treating sex offenders).
       However, given that DeFoy had in fact been convicted of a sex offense at trial, and had obtained only the minimal relief of an order for new trial that was reversed on appeal only a month after his August 1997 parole denial, we cannot completely disregard the fact that the parole board was clearly motivated by a rational interest in rehabilitation.

[8] The "penalty cases" found certain penalties capable of coercing incriminating testimony. Uniformed Sanitation Men Ass'n, Inc. v. Comm'r of Sanitation, 392 U.S. 280 (1968)(termination of employment); Spevack v. Klein, 385 U.S. 511 (1967)(loss of professional license); Lefkowitz v. Turley, 414 U.S. 70 (1973)(ineligibility to receive government contracts); Lefkowitz v. Cunningham, 431 U.S. 801 (1977)(loss of right to

found not to be violative.  See, e.g., Baxter v. Palmigiano, 425 U.S. 308 (1976); Ohio

Adult Parole Auth. v. Woodard, 523 U.S. 272 (1998); Minnesota v. Murphy, 465 U.S.

420 (1984).

DeFoy, like McKune, *chose* not to participate in a valid treatment program in

order to avoid potential self-incrimination, and he suffered because of his choice.  The

McKune Court noted that the Constitution does not necessarily forbid requiring an

inmate to make such a choice, McKune, 536 U.S. at 41 (Kennedy, J., plurality opinion),

53 (O'Connor, J., concurring), and that the choice made by McKune did not amount to

compulsion.  This case is no different.  DeFoy was not denied reparole because he

invoked the Fifth Amendment, but rather, primarily because he chose not to participate in

treatment.[9]  The consequences of this choice, as we now hold, were not serious enough to

rise to the level of compulsion.

Moreover, while a new trial for DeFoy was pending during the 1997 reparole

hearings, the new trial never came to fruition, as it was reversed on appeal shortly after

the denial of reparole.  Not only did DeFoy never actually testify in a future proceeding,

the mere opportunity for the use of incriminating statements was eliminated, and thus he

was no longer even exposed to the risk of future self-incrimination.

We therefore hold that the denial of DeFoy's reparole was not serious enough to

_____

participate in political associations and hold public office).

[9]  In McKune, the defendant was denied his privileges as a direct result of his
choice; here, DeFoy was at least considered for reparole.

constitute Fifth Amendment compulsion and that DeFoy's Fifth Amendment rights were not violated because he was not compelled to testify against himself.

Although we hold contrary to the District Court that the statute of limitations defense was waived by the Defendants, and the appeal was not moot, for the reasons stated above, we will affirm the District Court's order that DeFoy's Fifth Amendment claim fails on the merits.


HARDIMAN, *Circuit Judge*, concurring.

I concur in the result reached by my colleagues, but write separately to note that I would not reach the merits of this case. Instead, I would affirm the judgment of the District Court denying DeFoy's petition for writ of habeas corpus as untimely.[10]

As the Commonwealth noted in its brief, it had no reason to raise a statute of limitations defense at an earlier stage of this case because DeFoy previously complained of three parole denials (in 1997, 1998, and 2000). At that time, DeFoy's petition was timely with respect to the 2000 denial of parole and only when DeFoy moved for summary judgment on January 9, 2007, did he focus upon the 1997 denial. *See* Opinion of Magistrate Judge at 5 (describing the 1997 parole denial as the "focal point" of DeFoy's constitutional claim). Because DeFoy effectively switched gears almost six

---

[10]If I were to reach the merits of this case, I would agree completely with the thorough and persuasive analysis of the majority.

years after he filed his amended habeas petition, the Commonwealth's assertion of the statute of limitations defense was timely in my view. The Commonwealth raised the defense at the first logical point in these proceedings — in opposition to DeFoy's summary judgment motion — and it should not be penalized for having waited to do so.

Unlike *Venters v. City of Delphi*, 123 F.3d 956 (7th Cir. 1997), cited by DeFoy and relied upon by the majority, here DeFoy was responsible for the unfair surprise when he focused on the 1997 denial of parole to the exclusion of his 2000 denial of parole, which he had timely challenged in his amended habeas petition. Thus, if there has been any prejudice in this case, it was caused by DeFoy himself.

For the foregoing reasons, I agree with the District Court that DeFoy's petition for writ of habeas corpus was untimely and would affirm the judgment on that ground.