J-S22039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN J. BUSH | : | |
| | : | |
| Appellant | : | No. 957 WDA 2022 |

Appeal from the Order Entered August 9, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0001252-1989

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: JULY 14, 2023**

Brian J. Bush (Appellant) appeals *pro se* from the order denying his petition for writ of *habeas corpus* for lack of jurisdiction.[1]  We affirm.

———————————————————

[1] The trial court correctly treated Appellant's *pro se* pleading as a petition for writ of *habeas corpus*.  Appellant challenged his detention by the Department of Corrections (DOC), asserting that the DOC lacked authority to detain him based on alleged errors with the DC-300B form and the denial of his right to seek parole.  Writ of *Habeas Corpus*, 10/28/21, at 4-5.  Because Appellant did not assert his innocence or claim his sentence was illegal, his claims are not cognizable under the Post-Conviction Relief Act (PCRA).  **See** 42 Pa.C.S.A. § 9543; **see also Commonwealth v. Hockenberry**, 689 A.2d 283, 288 (Pa. Super. 1997) (holding issues "relating to the legality of sentence cannot be waived and are cognizable under the PCRA.") (citation omitted).

The Pennsylvania Supreme Court "has never held that *habeas corpus* cannot provide a separate remedy, in appropriate circumstances.  Indeed, the boundaries of cognizable claims under the PCRA can only be extended so far as is consistent with the purposes of the statute[.]"  **Commonwealth v. Judge**, 916 A.2d 511, 520 (Pa. 2007); **see also Joseph v. Glunt**, 96 A.3d

*(Footnote Continued Next Page)*

The trial court recounted the procedural history as follows:

On November 24, 1992, now retired Judge Donna Jo McDaniel sentenced [Appellant] … to an aggregate term of imprisonment of not less than 20 nor more than 80 years relative to [Appellant's] convictions for robbery, kidnapping, rape and involuntary deviate sexual intercourse. Judge McDaniel ordered that the Pennsylvania sentence run concurrent to an eight-year prison term [Appellant] was serving in the state of California. After imposition of the Pennsylvania sentence, [Appellant] was extradited to California to serve the California sentence. While serving time in California, [Appellant] was charged with and convicted of additional crimes in Nevada and he was sentenced to serve a prison term of 30 years there. That sentence was ordered to run consecutive to the California sentence but concurrent to the Pennsylvania sentence. On November 19, 1994, [Appellant] was paroled from the California sentence. He was then transferred to Nevada to serve the Nevada sentence. On May 19, 1995, [Appellant] was extradited to Louisiana where he was convicted of additional crimes and sentenced to a term of life imprisonment. That sentenced was later vacated.

On April 25, 2015, Judge McDaniel issued a warrant for [Appellant] and directed that he be extradited to Pennsylvania to serve the Pennsylvania sentence. Upon consideration of [Appellant's] motion to clarify his sentence, on August 30, 2018, Judge McDaniel issued an order directing that "[Appellant] is to receive credit for these cases as of the date of parole from the California imposed sentence."

[Appellant] was released from the Louisiana sentence on March 18, 2019. He was arrested on September 22, 2019[,] and extradited to Pennsylvania to serve the balance of the Pennsylvania sentence. He filed his *pro se* "Writ of *Habeas Corpus*" on October 28, 2021. Counsel was appointed to represent [Appellant] and a counseled brief was filed. The Commonwealth also filed a brief. After original appointed counsel was removed from the case, newly appointed counsel filed a

_____

365, 368 (Pa. Super. 2014) (holding claim that defendant's confinement is illegal "due to the inability of the DOC to 'produce a written sentencing order related to [his] judgment of sentence' constitutes a claim legitimately sounding in *habeas corpus*") (citations omitted).

motion to withdraw his appearance indicating a difference of opinion with [Appellant] over the proper forum in which to raise the instant claims.[2]   [The trial c]ourt granted the motion to withdraw appearance and it denied [Appellant's petition].

Trial Court Opinion, 11/30/22, at 1-3 (footnote added).

Appellant filed a timely notice of appeal.  Although the trial court did not order Appellant to file a Pa.R.A.P. 1925 concise statement, the trial court filed an opinion on November 30, 2022.

Appellant presents the following issues for review:

1) Did the [trial] court err in denying [A]ppellant's Writ of *Habeas Corpus* on the ground that he filed in the "wrong forum"?

2) Did the actions of the sentencing court in not filing the DC-300B commitment papers for 27 years, even after being officially notified by [A]ppellant of this error, create [*sic*] a due process violation and warrant further court inquiry under **Barker** [**v. Wingo**, 407 U.S. 514 (1972)]?

3) Did the sentencing court[']s deliberate actions in not filing the DC-300B in combination with the PA state authorities['] failure to seek extradition of [A]ppellant, leading to his releases from custody after 30 years['] of confinement, amount to PA waiving the right to require [A]ppellant to serve out the remainder of the PA sentence under the theory of w[ai]ver or estoppel?

4) [Did] the now know[i]ngly forged DC-300B commitment papers and other possibly forged and missing documents from the record render [A]ppellant's incarceration illegal?

5) Did denying [A]ppellant the opportunity to seek parole after his minimum date in 2014 for a year[] period, in combination with his release from custody in this matter[,] create prejudice and require his release under **Barker**?

---

[2] There is no constitutional right to appointed counsel for post-conviction proceedings.  **Commonwealth v. Holmes**, 79 A.3d 562, 580 (Pa. 2013); **see also Pennsylvania v. Finley**, 481 U.S. 551, 555 (1987).

Appellant's Brief at 4.

We consider Appellant's issues mindful that:

Our standard of review of a trial court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion. Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason. As in all matters on appeal, the appellant bears the burden of persuasion to demonstrate his entitlement to the relief he requests.

….

Accordingly, the writ may be used only to extricate a petitioner from illegal confinement or to secure relief from conditions of confinement that constitute cruel and unusual punishment.

***Rivera v. Pennsylvania Dep't of Corr.***, 837 A.2d 525, 528 (Pa. Super. 2003).

In his first issue, Appellant challenges the trial court's determination that it lacked jurisdiction. Appellant's Brief at 4. However, Appellant abandons this issue in the argument section of his brief. ***See id.*** at 5-28. The issue of jurisdiction is critical to our disposition. The trial court explained:

Due to Judge McDaniel's order clarifying that [Appellant's] sentence was to begin upon [Appellant's] being paroled from the California sentence, there is no dispute that the Pennsylvania sentence started when [Appellant] was paroled in California on November 18, 1994. Accordingly, [Appellant's] sentence was to run from November 19, 2014[,] through November 19, 2094. In [the trial court's] view, Judge McDaniel's order controls any interpretation of [Appellant's] sentence and there is nothing [the trial court] can do to further enforce that [o]rder because [Appellant] is currently serving the Pennsylvania sentence. Any decision to release and/or parole [Appellant] prior to the maximum sentence date rests with the Pennsylvania Board of

Probation and Parole [PBPP] because "the actual sentence of a prisoner subject to total confinement is his maximum sentence, and his minimum sentence merely sets the time after which he is eligible to serve the remainder of his sentence on parole." *Hudson v. [PBPP]*, 204 A.3d 392, 396 (Pa. 2019). As set forth in *Hudson*:

> Release on parole is "a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence." *Rogers v. PBPP*, [] 724 A.2d 319, 322-23 ([Pa.] 1999). Parole is not a right, but "a penological measure for the disciplinary treatment of prisoners who seem capable of rehabilitation outside of prison walls." *Commonwealth v. Brittingham*. 275 A.2d 83, 85 ([Pa.] 1971).

> *Id.*

> As noted in *Brittingham*, parole is neither a right of the prisoner nor a prerogative of the court and the granting, reinstatement and revocation of parole is within the exclusive jurisdiction of the [PBPP]. [*Brittingham*,] 275 A.2d at 85; *see also Commonwealth v. Button*, 481 A.2d 342 (Pa. Super. 1984) [()citing *Commonwealth v. Gooslin*, 421 A.2d 775 ([Pa.] 1980)[)]. All challenges concerning the grant of parole shall be directed to the [PBPP] and the Commonwealth Court is vested with original jurisdiction over "all civil actions or proceedings… [a]gainst the Commonwealth government." 42 Pa. C.S. § 761(a)(1). Accordingly, [Appellant's] request for release should be, in the first instance, directed at the PBPP and then in the Commonwealth Court. Because [Appellant] is currently serving the Pennsylvania sentence, any decisions regarding his release are vested exclusively in the [PBPP].

Trial Court Opinion, 11/30/22, at 3-4 (some citations modified).

The trial court's analysis is supported by the record and pertinent legal authority. *See Commonwealth, Department of Corrections v. Reese*, 774 A.2d 1255, 1260 (Pa. Super. 2001) (appeals from order issued by the

- 5 -

PBPP are within the exclusive jurisdiction of the Commonwealth Court); *Commonwealth v. Miller*, 770 A.2d 362, 363 (Pa. Super. 2001) ("When an offender is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains authority to grant and revoke parole; when the maximum term is two years or more, authority to grant parole is vested in the PBPP."); *Commonwealth v. Fells*, 518 A.2d 544 (Pa. 1986) (courts of common pleas lack jurisdiction over direct appeals from decisions of the PBPP).

The trial court did not abuse its discretion in concluding it lacked jurisdiction. *Rivera v. Pennsylvania Dep't of Corr.*, 837 A.2d at 528. Accordingly, we decline to address Appellant's remaining issues and affirm the denial of relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2023